UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARONDA BELL,<br><br>             Plaintiff,<br><br>   v.<br><br>ADDUS HEALTHCARE, INC., a foreign corporation,<br><br>             Defendant. | Case No. C06-5188RJB<br><br>ORDER ON PENDING MOTIONS |

      This matter comes before the court on Defendant's Motion for Appointment of Discovery Master Under FRCP 53 (Dkt. 41), Plaintiff's Amended Motion to Compel the Deposition of Tess Cannon or in the Alternative to Deny Defendant's Motion for Summary Judgment (Dkt. 49, replacing Dkt. 45), Plaintiff's Motion for Order Modifying the Scheduling Order of 17 July 2006 (Dkt. 53), and defendant's Motion and Argument in Support of Motion for Summary Judgment (Dkt. 30). The court has considered the relevant documents and the remainder of the file herein.

      On April 10, 2006, plaintiff Sharonda Bell filed a Complaint for Damages for Violations of Washington State and Oregon State Wage and Hour Laws and For Permanent Injunctive Relief against defendant Addus Healthcare, Inc. (Addus). Dkt. 1. The caption also included the words "Complaint - Class Action," but no class has as yet been certified.

      On July 14, 2006, the parties filed an Amended Joint Status Report and Discovery Plan (Fed.R.Civ.P. 26(f)) (Dkt. 16). This document did not fulfill the requirements of a joint status report,

which requires the parties to work together to address discovery and other pretrial procedures. The joint status report submitted by the parties merely set forth adverse positions of the parties on nearly every issue addressed. On July 17, 2006, counsel appeared telephonically before the undersigned judge to discuss scheduling and discovery issues. Following the telephone conference, the court issued a scheduling and discovery order, requiring, among other things, that any motions regarding jurisdiction and standing, such as those related to the Class Action Fairness Act and diversity jurisdiction, were to be filed in writing no later than August 4, 2006; that any motions for class certification were to be filed in writing no later than December 15, 2006; and that "the parties are to file a new discovery plan, limiting discovery to class certification and jurisdictional issues, in which phase one consists of appropriate disclosure of how Defendant's records are kept." Dkt. 18. The parties have not filed a discovery plan, as directed by the court. It is not surprising that discovery issues have become contentious.

On October 17, 2006, defendant filed a motion for summary judgment, contending that plaintiff failed to exhaust contractual remedies under the collective bargaining agreement, whether plaintiff is excluded from coverage under Oregon law, whether defendant violated Washington regulations, and whether plaintiff should be disqualified as the requested representative of a putative class. Dkt. 30. This motion may be, in part, an attempt to address jurisdictional and class representative issues in accord with paragraphs (1) and (8) of the court's scheduling and discovery order (Dkt. 18).

On November 8, 2006, defendant moved for appointment of a discovery master under Fed.R.Civ.P. 53. Dkt. 41. This motion apparently arose out of interrogatories which defendant contends do not comply with the civil rules and out of a deposition of Tess Cannon, which was terminated abruptly. Appointment of a discovery master is not appropriate in this situation, which at this point appears to have escalated as a result of poor discovery planning. The court can and shall manage the discovery in this case, unless and until it becomes apparent to the court that appointment of a discovery master is warranted. Defendant's Motion for Appointment of Discovery Master Under FRCP 53 (Dkt. 41) should be denied.

On November 8, 2006, plaintiff filed a motion for an order excluding the declaration of Tess Cannon or in the alternative compelling the deposition of Tess Cannon. Dkt. 45. By agreement, this motion was replaced by Plaintiff's Amended Motion to Compel the Deposition of Tess Cannon or in the Alternative to Deny Defendant's Motion for Summary Judgment. Dkt. 49. Plaintiff requests that the court

order that Ms. Cannon's deposition be completed on such terms as the court deems just. Defendant apparently does not object to the completion of Ms. Cannon's deposition, although defendant requests that a special master be physically present at the deposition. As noted above, a Special Master is not warranted at this time. The parties shall conduct the deposition in the court's chambers in Tacoma, Washington, at a time when the undersigned judge is available, and may make such arrangements with the court's administrative assistant, Julie Lemm. Plaintiff's Amended Motion to Compel the Deposition of Tess Cannon or in the Alternative to Deny Defendant's Motion for Summary Judgment (Dkt. 49, replacing Dkt. 45) should be granted on the terms stated above.

On November 16, 2006, plaintiff filed Plaintiff's Motion for Order Modifying the Scheduling Order of 17 July 2006. Dkt. 53. Plaintiff requests that the court modify the case schedule sufficiently to allow plaintiff to complete the deposition of Ms. Cannon and other class certification discovery. Defendant opposes the request to modify the case schedule. Plaintiff contends that she is unable to respond to defendant's motion for summary judgment at least until Ms. Cannon's deposition is concluded.

As noted above, it appears that the problems the parties are experiencing are attributable to the parties' inability to collaborate in planning discovery and other pretrial matters. The parties failed to comply with the court's July 17, 2006 order, in particular, by failing to file a discovery plan that may likely have prevented the problems the parties are now raising by motion. This case should proceed in an orderly manner. The parties should file a joint status report, setting forth a detailed discovery plan related to jurisdiction and class certification issues; and setting forth a proposed schedule for considering motions addressing jurisdiction and class action certification. Those issues should be resolved before the issues regarding the merits of the claims are raised by motion. It appears that defendant's motion for summary judgment is premature and should be stricken. If the parties are unable to arrive at a mutually agreed proposed schedule for filing motions related to jurisdiction and class certification, and/or if they are unable to agree to a proposed discovery plan, the parties should notify the court and request a scheduling conference, to be held in person, with the undersigned judge.

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Appointment of Discovery Master Under FRCP 53 (Dkt. 41) is **DENIED**. Plaintiff's Amended Motion to Compel the Deposition of Tess Cannon or in the Alternative to Deny Defendant's Motion for Summary Judgment (Dkt. 49, replacing Dkt. 45) is **GRANTED** insofar as plaintiff is permitted to complete the deposition of Ms. Tess Cannon on the terms set forth above. Plaintiff's Motion for Order Modifying the Scheduling Order of 17 July 2006 (Dkt. 53) is **GRANTED**, and the dates set forth in the court's July 17, 2006 Scheduling and Discovery Order Pursuant to Telephonic Conference on July 17, 2006 are **STRICKEN**. Not later than December 15, 2006, the parties are **ORDERED** to file a joint status report that includes a proposed discovery plan and proposed schedule for filing motions related to jurisdiction and class certification. Defendant's Motion for Summary Judgment (Dkt. 30) is **STRICKEN**, but defendant is not precluded from renoting the motion or filing an amended motion for summary judgment at an appropriate time.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of December, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge