UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARONDA BELL,

Plaintiff,

v.

ADDUS HEALTHCARE, INC.,

Defendant.

CASE NO. C06-5188RJB

ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER UNDER FED. R. CIV. P. 23(d) IN RE COMMUNICATION WITH PUTATIVE CLASS MEMBERS

This matter comes before the Court on the defendant's Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members (Dkt. 93). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Sharonda Bell filed a complaint seeking damages in excess of five million dollars on behalf of a proposed class consisting of at least 100 members. Dkt. 1 at 1. The complaint asserts violations of Washington and Oregon wage and hour laws. The complaint asserts that Addus Healthcare, Inc. ("Addus Healthcare") failed to provide employees with rest breaks, provide an off duty meal period, pay wages owing on the next regular payday following termination, pay overtime, and keep appropriate records, and that it wrongfully accepted false receipts for wages in violation of Washington law. Dkt. 1 at 6-7, 9-10. It also asserts that Addus

Healthcare did not pay the minimum rate of compensation for all hours worked when due, did not pay employees overtime, failed to provide requisite rest and meal periods, and did not pay earned wages to employees in violation of Oregon law. Dkt. 1 at 7-8.

In the plaintiff's response to the motion, the plaintiff included a cross motion for class certification. Dkt. 98 at 10. The Court re-noted the cross motion for class certification, and that motion is currently pending. Dkt. 105.

Addus Healthcare now moves for an order limiting communication with potential class members. The defendant proposes that the Court limit the parties' contact with potential class members as follows:

1. Any such proposed communication shall first be sent to opposing counsel at least 10 days prior to the expected date the same is to be transmitted.

2. Opposing counsel will have two days to either approve or object, and approval shall not be withheld absent good cause.

3. If opposing counsel signs off, then the communication may be made without further application to the Court.

4. In the event counsel objects, the objection, along with argument and authority, shall be lodged with the Court in the form of a motion, with a requested accelerated hearing date no more than 10 days ahead of the motion.

5. The parties shall conform communications to the following criteria:

   (a) Any such communication will not contain legal conclusions, argument or statements of fact not otherwise established in evidence or by dispositive motion.

   (b) The communication shall be neutral in tone.

   (c) The communication shall have some apparent purpose in connection with extant issues to be litigated.

Dkt. 93 at 6.

This request was precipitated by a questionnaire and letter dated February 7, 2007, and sent to employees of Addus Healthcare employees in Washington and Oregon. Dkt. 93 at 2. The letter informs Addus Healthcare employees of the plaintiffs' suit and that the Court has not yet determined whether to certify a class in the matter. Dkt. 94, Exh. A at 5. The letter offers a very brief explanation of the claims. *Id.* The letter specifies that the recipient is not required to

complete the questionnaire, which seeks information about employees' receipt of rest and meal breaks, overtime, payment for all hours worked, and a final paycheck. *Id*. at 5, 6. The questionnaire includes a signature line with the following language: "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand that it may be used as evidence in Court." *Id.* at 6. In response, Addus Healthcare sent employees a letter stating that employees are under no obligation to contact the plaintiff's attorney but may do so if they desire. Dkt. 94, Exh. B at 8. The defendant's letter also specifies that no disciplinary action will be taken against employees who respond to the plaintiff's letter. *Id.*

## II. DISCUSSION

Under Federal Rule 23, courts have discretion to fashion orders governing class actions:

> In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; **(3) imposing conditions on the representative parties or on intervenors**; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly; **(5) dealing with similar procedural matters.** The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

Fed. R. Civ. P. 23(d). Class actions present a potential for abuse, and courts therefore have both the duty and the authority to exercise control over the action and enter orders governing the conduct of parties and counsel. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). The Supreme Court has held that in the pre-certification phase, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. The burden is on the moving party to demonstrate "the particular abuses by which it is threatened." *See id.* at 102. The order should also be "carefully drawn" and " limit[] speech as little as possible." *Id.*

The defendant contends that the plaintiff's communications with potential class members

was inappropriate in several respects. First, Addus Healthcare contends that the communication improperly omits any acknowledgment by the signor that "the testimony is under oath or may otherwise be subject to penalties of perjury." Dkt. 93 at 4. The wording of the questionnaire appears to solicit responses not signed under penalty of perjury, but the admissibility of the responses is an issue not yet before the Court. Addus Healthcare is free to dispute whether such responses are admissible as evidence. The defendant fails to establish that the letter is abusive in this respect.

Second, Addus Healthcare contends that the document improperly fails to "acknowledge or disclaim that the Court makes all decisions relative to admission of evidence in Court testimony or motion practice." Dkt. 93 at 4. While the questionnaire and letter do not explain the Court's authority in this regard, the documents also do not create a false impression as to the admissibility of evidence. Moreover, the letter is clear as to the pendency of the motion to certify a class and that the issue is one to be decided by the Court. *See* Dkt. 94, Exh. A at 5.

Third, Addus Healthcare contends that the plaintiffs' communication is an incomplete description of the action and should specify that liability is disputed. Dkt. 93 at 5. While the letter could be more complete in this regard, the letter does not create the impression that liability is undisputed. In addition, Addus Healthcare has provided employees with its response to the letter, and the plaintiff does not contest this communication. *See* Dkt. 94, Exh. B at 8.

Finally, the defendant contends that the document contains an improper legal conclusion. Dkt. 93 at 6. Addus Healthcare fails to identify the legal conclusion or make a proper showing in this regard.

While the Court is aware that communication with potential class members by counsel presents a risk of abuse and prejudice, Addus Healthcare fails to demonstrate that the plaintiff's communication thus far warrants corrective action. The Court should therefore deny the motion without prejudice, allowing the parties to again raise the issue if future communications appear to warrant Court intervention.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the defendant's Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members (Dkt. 93) is **DENIED without prejudice**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th day of April, 2007.

Robert J. Bryan
United States District Judge