UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARONDA BELL,<br><br>               Plaintiff,<br><br>   v.<br><br>ADDUS HEALTHCARE, INC.,<br><br>               Defendant. | CASE NO. C06-5188RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on the Defendant's Motion for Summary Judgment. Dkt. 127. The court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein and finds matters raised in the motions suitable for decision without oral argument.

## I. FACTUAL BACKGROUND

Ms. Bell is a former employee of defendant Addus Healthcare, Inc. ("Addus"). The parties dispute the plaintiff's dates of employment. According to Ms. Bell, her employment began at the defendant's Oregon office as a home care aid in 2001 or 2002. In 2002, Ms. Bell transferred to the defendant's office in Vancouver, Washington to work as an office assistant and care giver. According to Addus, Ms. Bell's employment as a home care aid began on July 18, 2002, in the

ORDER
Page 1

Oregon office, and she was transferred to work as a home care aid and to occasionally work in the district office in Vancouver on June 21, 2003. Dkt. 76 at 3.

While in the Vancouver office, Ms. Bell worked to answer phones, answer questions of people who visited the office, and make appointments. Dkt. 76 at 4; Dkt. 86 at 9, 14. Ms. Bell was also available for dispatch to handle emergency care needs. Dkt. 86 at 14. Ms. Bell sometimes took rest breaks of no more than five minutes each when her schedule permitted. Dkt. 76 at 5; Dkt. 86 at 9. She was unable to take a meal period unless another employee was present in the office because she could not leave the front desk unattended. Dkt. 76 at 5; Dkt. 86 at 10. The parties contest the frequency with which Ms. Bell took her breaks and whether she was paid for her breaks and missed meal periods. Dkt. 76 at 5; Dkt. 86 at 10.

Ms. Bell also worked in the field as a home care aid. Her duties included cooking, running errands, and providing personal care. Dkt. 76 at 6. Ms. Bell was required to record when she arrived at and left each client's home and to complete a checklist to indicate the tasks she performed. Dkt. 86 at 10. The time sheets were then signed by Ms. Bell's supervisor. *Id.* at 11. Ms. Bell contends that these time sheets were altered. *Id.* Ms. Bell's work hours varied. Dkt. 76 at 7. She would sometimes work fewer than eight hours and, at other times, would work up to twelve hours. *Id.* According to Ms. Bell, Addus would not allow her to leave clients alone and was unable to take meal and rest periods while working in the field. Dkt. 86 at 12.

## II. PROCEDURAL BACKGROUND

On April 14, 2006, Ms. Bell filed a complaint in this court alleging that Addus violated Washington and Oregon law by failing to provide rest breaks and meal periods, failing to pay overtime wages, failing to pay all wages when due upon termination, and breaching the duty of good faith and fair dealing. Dkt. 1. Ms. Bell seeks damages and a permanent injunction on behalf of herself and a class that has not yet been certified. *Id.* at 13, 25.

On February 22, 2007, Addus filed a Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members. Dkt. 93. In her response to the motion, Ms. Bell

moved for class certification. Dkt. 98. The court re-noted the Plaintiff's Cross Motion for Class Certification (Dkt. 98) so that briefing on the motion would proceed according to Local Rule CR 7. Dkt. 105. On April 4th, 2007, the Court denied the Defendant's Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members. Dkt. 109.

Pursuant to the parties' joint request and in order to facilitate mediation, the court stayed its ruling on the plaintiff's motion. Dkt. 112. The court twice re-noted the motion upon the request of Addus' new counsel. Dkt. 113; Dkt. 126. On June 28, 2007, Addus filed this Motion for Summary Judgment. Dkt. 127. The court re-noted the Defendant's Motion for Summary Judgment and the Plaintiff's Cross Motion for Class Certification (Dkt. 98), pursuant to the parties' request, so that the two motions could be considered together. Dkt. 162. All of these motions are now ripe for decision.

### III. DISCUSSION

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*

*Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).  And, "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).

Finally, once the moving party has raised an issue, based on the pleadings, the burden shifted to the nonmoving party to make a sufficient showing on all essential elements of her claim. *See Celotex Corp. V. Cartrett*, 477 U.S. 317, 323-325 (1985).  In addition, "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir.1995); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir.1992) ("[The nonmoving party's] burden to respond is really an opportunity to assist the court in understanding the facts. But if the nonmoving party fails to discharge that burden -- for example, by remaining silent -- its opportunity is waived...").

In this case, Addus seeks summary judgment on multiple grounds.  First, Addus argues that either (1) the Fair Labor Standards Act preempts Washington and Oregon law or (2) Ms. Bell is exempt from minimum wage, overtime, rest breaks, and meal period requirements under Washington and Oregon law. Dkt. 127 at 17.  In the alternative, Addus moves for summary judgment separately on each of the following;

    Second Claim for Relief:    Failure to Provide Meal Periods in Washington

    Third Claim for Relief:    Failure to Provide Duty Free Meal Periods in Washington

    Fourth Claim for Relief:    Failure to Timely Pay Final Wages at Termination in

| | | |
|---|---|---|
| | | Washington; |
| | Sixth Claim for Relief: | Permanent Injunction in Washington; |
| | Seventh Claim for Relief: | Failure to Pay Wages in Oregon; |
| | Eighth Claim for Relief: | Failure to Pay Minimum Wage in Oregon |
| | Eleventh Claim for Relief: | Failure to Pay for Missed Lunch Breaks in Oregon |
| | Twelfth Claim for Relief: | Breach of Contract for Failure to Provide Rest Breaks in Oregon; |
| | Thirteenth Claim for Relief: | Breach of Contract for Failure to Provide Meal Periods in Oregon; |
| | Fourteenth Claim for Relief: | Failure to Timely Pay Final Wages at Termination in Oregon; |
| | Fifteenth Claim for Relief: | Breach of Covenant of Good Faith and Fair Dealing; |
| | Sixteenth Claim for Relief: | Permanent Injunction in Oregon |

*Id.*

**A. Federal Preemption of State Law**

The Fair Labor Standards Act ("FLSA") is a federal employment statute establishing national wage and hour laws. 29 U.S.C. § 201 *et seq.* Further, the FLSA includes a "savings clause" that allows states to set a higher minimum wage or a lower maximum workweek than the FLSA standards. *Wiliamson v. Gen. Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000) *cert. denied* 531 U.S. 929 (2000); 29 U.S.C. § 218(a).

Addus argues that Congress intended to preempt the entire area of wage and hour laws that fall outside of the savings clause. Dkt. 127 at 7. Addus bases its argument on the narrow language of the savings clause, Congressional intent cited in the legislative history of the act, and some Supreme Court case law on federal preemption. Dkt. 127 at 7-9; Dkt. 163 at 1-3. However, the 9th Circuit has held that the FLSA only preempts state laws that are less beneficial to the employee. *See Pac. Merch. Shipping Assoc. v. Aubry*, 918 F.2d 1409, 1425 (9th Cir.1990) ( "There is no indication that Congress, in enacting the FLSA[ ], intended to preempt states from according more generous protection to [its] employees. [T]he purpose behind the FLSA is to establish a national floor under which wage protections cannot drop, not to establish absolute

ORDER
Page 5

uniformity in minimum wage and overtime standards nationwide at levels established in the FLSA." (emphasis omitted)). Therefore, the Court should decline to grant summary judgment to defendant based on federal preemption.

### B. Domestic Service Exception

The Fair Labor Standards Act ("FLSA") exempts from the minimum wage and overtime requirements persons "employed in domestic service employment to provide companionship services for individuals (who because of age or infirmity) are unable to care for themselves." 29 U.S.C. § 213(a)(15). The Department of Labor's ("DOL") regulation defines the statutory term "domestic service employment" as "services of a household nature performed by an employee in or about a private home. . . of the person by whom he or she is employed." 29 C.F.R. § 552.3. Further, the DOL regulations explain that the exemption includes those "companionship" workers who are "employed by an . . . agency other than the family or household using their services." 29 C.F.R. 552.109(a).  Finally, the Supreme Court recently considered the question of the conflicting scope of 29 C.F.R. § 552.3 and 29 C.F.R. § 552.109(a). *Long Island Care at Home, Ltd. v. Coke ,*127 S.Ct. 2339 (June 11, 2007).  In *Coke*, the Supreme Court held that the "third party statute", § 552.109(a), controlled the scope of the domestic service exemption; and, therefore, a domestic service employee, employed by a third party employer rather than directly by the family of the person receiving care, is exempt from the requirements of the FLSA. *Id.* at 2348.

Under Oregon law, domestic service employees are also exempt from Oregon laws establishing minimum employment conditions.  *See* Or. Rev. Stat. §653.020(14).  Further, "domestic service" is defined as "services of a household nature performed by an employee in or about a family home (permanent or temporary) of the person by whom the employee is employed..." Or. Admin. R. 839-020-0004(13).   However, Oregon law does not have a third party regulation similar to 29 C.F.R. 552.109(a). *Id.*  Thus, Oregon law defines the domestic service exemption more narrowly than federal law.  Because Oregon's domestic services

ORDER
Page 6

exemption is more narrowly defined, Oregon law is more beneficial to domestic service employees. Therefore, Ms. Bell is not exempt from Oregon wage and hour laws because she is employed by Addus, a third party employer. The Court should decline to grant summary judgment to defendant based on either the federal or the Oregon domestic service exemption.

Washington Law is silent on the domestic service exemption. Because Washington Law does provide wage and hour requirements, Washington Law is more beneficial to domestic services employees. Therefore, Ms. Bell is not exempt from Washington employment laws. The Court should decline to grant summary judgment to defendant on Ms. Bell's Washington claims based on the domestic service exemption.

**C. Second Claim and Third Claim - Washington Meal Periods**

Under Washington law, employees are entitled to a meal period, WAC 296-126-092; however, an employer is not required to provide duty free meal periods. *White v. Salvation Army*, 118 Wn. App. 272, 274-275, 75 P.3d 990 (2003). Further, an employer may require an employee to remain at her post during the 30 minute meal period and respond to emergencies as long as the employer compensates the employee for all hours worked. *Iverson v. Snohomish County*, 117 Wn. App. 618, 72 P.3d 772, 773 (2003). "To make the [employer] pay again for a 30-minute meal break simply because it did not schedule one is not supported by the regulation or the administrative policy." *White*, 118 Wn. App. at 274.

Ms. Bell claims that she was unable to take duty free meal periods and that she was not paid for the meal periods for which she was required to remain on duty. Dkt. 76 at 5. However, under Washington law, Addus may require Ms. Bell to remain on duty during her meal period as long as Addus compensated Ms. Bell for her time. Therefore, Ms. Bell may have a claim under Washington law for unpaid wages, but she does not have a claim for either failure to provide meal periods or failure to provide duty free meal periods.

The Court should grant the motion for summary judgment to defendant on the claims for failure to provide meal periods and failure to provide duty free meal periods.

**D. Fourth Claim - Failure to Pay All Wages Upon Termination in Washington**

Addus contends that because Ms. Bell was paid her final wages at the end of the established pay period, she cannot recover under RCW 49.48.010 ("When any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period . . . ."). Dkt. 127 at 10.

Addus has not moved for summary judgment on Ms. Bell's claim for unpaid wages due to Addus' failure to provide rest periods. Dkt. 127. In addition, Ms. Bell has stated in her deposition that she is unsure whether she was paid for her meal periods. Deposition of Sharonda Bell ("Bell Dep.") 37:18. If Addus still owes Ms. Bell for either the unpaid rest periods or the unpaid meal periods, then Addus did not pay Ms. Bell all wages due to her upon termination. Thus, there is a genuine issue of material fact as to whether Addus paid Ms. Bell all wages due upon termination.

The Court should decline to grant the motion for summary judgment to the defendant on the claim for failure to pay all wages due upon termination.

**E. Seventh Claim - Failure to Pay Wages in Oregon**

Addus moved for summary judgment on Ms. Bell's Seventh Claim for Relief: Failure to Pay Wages in Oregon. Dkt. 127 at 17. Then, Ms. Bell had the opportunity to "identify with particularity the evidence that precludes summary judgment." *Richards, supra*. Ms. Bell did not respond to Addus motion for summary judgment on this claim. Thus, the Court should grant summary judgment to defendant on the claim for failure to pay wages in Oregon.

**F. Eighth Claim - Failure to Pay Minimum Wage in Oregon**

Addus seeks summary judgment on Ms. Bell's claim that Addus did not pay Ms. Bell the Oregon minimum wage. Dkt. 127 at 11. Oregon law states that "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee

at wages computed at a rate lower than [the then applicable minimum wage rate]." ORS 653.025. Further, the Oregon Administrative Regulations state that:

> Employees shall be paid no less than the applicable minimum wage for all hours worked, which includes "work time" as defined in ORS 653.010(11). If in any pay period the combined wages of the employee are less than the applicable minimum wage, the employer shall pay, in addition to sums already earned, no less than the difference between the amounts earned and the minimum wage as prescribed by the appropriate statute or administrative rule.

Ms. Bell argues that the minimum wage should be calculated "for each hour of work" as stated in the statute. Dkt 127 at 13. On the other hand, Addus argues that the minimum wage should be calculated by the aggregate pay per hours worked for each pay period as outlined in the regulation. Dkt 163 at 7. In order for the Court to agree with Ms. Bell, the Court would have to completely disregard the Oregon Administrative Regulation. Ms. Bell cites no authority for this proposition. Dkt 163. Therefore, the Court should follow the calculation procedure given by the regulation.

First, Ms. Bell argues that Addus would not pay her if she submitted a time sheet to Addus that was not signed or initialed by a client. Dkt. 160 at 13. However, Ms. Bell was not "aware of" submitting any time sheet that was not initialed or signed by a client. Bell Dep. 99:6-11. Thus, Ms. Bell has presented no evidence to the Court that raises an issue of material fact relating to not being paid for work done for Addus.

Second, Ms. Bell argues that she was not properly compensated for the time she spent driving to and/or between clients. Dkt. 160 13-14. Ms. Bell argues that, based on the numbers from one pay stub, she would have had to average 60 miles per hour between clients in order to earn more than the minimum wage. *Id.* However, Ms. Bell argues that it is much more likely she could have only averaged 30 miles per hour while driving through the neighborhoods between clients. Dkt. 160 at 14. Ms. Bell has presented no other evidence to support her calculations. Thus, Ms. Bell's allegation of being paid less than the minimum wage and speculation of driving speed between clients do not raise a material issue of fact that will defeat summary judgment.

The Court should grant summary judgment to defendant on the claim for failure to pay the minimum wage under Oregon law.

**G. Eleventh Claim - Failure to Pay for Missed Lunch Breaks in Oregon**

Under Oregon law, employees are entitled to a "...period of not less than 30 minutes during which the employee is relieved of all duties...". OAR 839-020-0050(1)(a). If an employer does not provide the meal period, then the commissioner of the Oregon Bureau of Labor and Industries ("BOLI") may enforce civil penalties against the employer. OAR 839-020-1010(1)(j). However, Ms. Bell does not cite to an Oregon statute that entitles her to a private right of action if her employer requires her to work through her meal period. Dkt 1 (complaint); Dkt 160 (response to summary judgment).

It is important to note that Ms. Bell does not argue that she was required to work through unpaid meal periods, but Ms. Bell argues that she is entitled to additional compensation because Addus required her to work through paid meal periods. Dkt. 160 at 14-15. However, under Oregon law, if Addus required Ms. Bell to work through her meal periods, then Addus may be subject to civil penalties. OAR 839-020-1010(1)(j). And, as cited above, Ms. Bell has not presented the Court with an authority for the proposition that she is entitled to a private right of action for Addus' alleged violation of the Oregon regulation. Thus, Ms. Bell has not met her burden of presenting to the Court evidence that will preclude summary judgment on the claim for failure to provide meal periods in Oregon.

The Court should grant the motion for summary judgment to defendant on the claim for failure to pay for missed meal periods in Oregon.

**H. Twelfth and Thirteenth Claims - Breach of Contract in Oregon**

Oregon statutes become terms of an employment contract only when the Oregon legislature intends them to. *Butterfield v. Oregon*, 163 Or. App. 227, 236, 987 P.2d 569 (1999). Ms. Bell does not cite an authority that the Oregon legislature intended the Oregon wage and hour laws to become terms of her alleged employment contract. Dkt. 1; Dkt 160. Further, Ms. Bell does not claim that the benefits provided by the Oregon wage and hour laws were considered during the negotiation of her alleged contract. *Id.* Thus, even if there was an employment

contract between Ms. Bell and Addus, Ms. Bell has not raised an issue of material fact that the statutorily required benefits were terms of the employment contract.

The Court should grant the motion for summary judgment to defendant on the claims for breach of contract in Oregon.

### I. Fourteenth Claim - Failure to Timely Pay Final Wages Upon Termination in Oregon

Oregon law states that "all wages earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." ORS 625.140(1). Ms. Bell worked for Addus in Oregon for ten days in June and July of 2005. Dkt. 160 at 16. Ms. Bell states that she was not allowed rest breaks during this period of employment. *Id.* Addus has not moved for summary judgment on Ms. Bell's claim for relief for failure to provide rest periods in Oregon. Dkt. 127 at 18. Because Addus may owe Ms. Bell wages for missed rest breaks during her brief employment in Oregon, Ms. Bell has raised an issue of fact to prevent summary judgment on this claim. Thus, the Court should decline to grant summary judgment to defendant on the claim for failure to timely pay final wages upon termination in Oregon.

### J. Fifteenth Claim - Breach of Covenant of Good Faith and Fair Dealing in Oregon

Addus seeks summary judgment on Ms. Bell's claim that Addus breached the covenant of good faith and fair dealing in the employment contract between the parties. Dkt. 127 at 16. Ms. Bell argues that what the "reasonable expectations of the parties" were at the time of contract is an issue of fact for trial. Dkt. 160 at 17. Further, Ms. Bell argues that her reasonable expectations were for Addus to comply with Oregon wage and hour laws. *Id.* However, when the duties of the employer are imposed by Oregon statutes, the employees remedies exist by virtue of the statutes and not by virtue of the relationship between the parties. *Butterfield,* 163 Or. App. at 235-236. Therefore, even if there was a employment contract between Ms. Bell and Addus, Ms. Bell's remedies for breach of the Oregon wage and hour laws are not recoverable as contract

1 claims.

2 The Court should grant the motion for summary judgment to defendant on the claim for
3 breach of the covenant of good faith and fair dealing.

### K. Sixth and Sixteenth Claim - Injunctive Relief in Washington and Oregon

6 The defendant contends that as a former employee, Ms. Bell does not have standing to
7 seek injunctive relief. Dkt. 127 at 16. A plaintiff seeking injunctive or declaratory relief must
8 demonstrate that she is "realistically threatened by a repetition of the violation." *Gest v. Bradbury*,
9 443 F.3d 1177, 22 1181 (9th Cir. 2006) (internal quotation marks omitted) (emphasis in original).
10 Because Ms. Bell is seeking damages for past violations, Ms. Bell is not realistically threatened by
11 any Addus future violation of Washington or Oregon wage and hour law. Thus, the Court should
12 grant the motion for summary judgment to defendant on both claims for injunctive relief.

### IV. CONCLUSION

15 The Court should grant the motion for summary judgment on Ms. Bell's Second, Third,
16 Sixth, Seventh, Eighth, Eleventh, Twelfth, Thirteenth, Fifteenth, and Sixteenth Claims for Relief
17 and deny the balance of the motion. The remaining Claims for Relief are:

First Claim for Relief: Failure to Provide Rest Periods in Washington

Fourth Claim for Relief: Failure to Pay Final Wages Upon Termination in Washington

Fifth Claim for Relief: Failure to Pay Overtime in Washington

Ninth Claim for Relief: Failure to Pay Overtime in Oregon

Tenth Claim for Relief: Failure to Pay Rest Periods in Oregon

Fourteenth Claim for Relief: Failure to Pay Final Wages Upon Termination in Oregon.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part as stated above.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 14th day of August, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge