UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARONDA BELL,<br><br>               Plaintiff,<br><br>   v.<br><br>ADDUS HEALTHCARE, INC.,<br><br>               Defendant. | CASE NO. C06-5188RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO STRIKE AND DENYING PLAINTIFF'S MOTIONS TO STRIKE |

This matter comes before the court on the Defendant's Motions to Strike Inadmissable Evidence (Dkt. 134), Plaintiff's Motions to Strike Inadmissable Evidence (Dkt. 166), and defendant's request to strike evidence (Dkt. 178) that was submitted with Plaintiff's Reply Memorandum in Support of Cross Motion for Class Certification Under FRCP 23(C)(1) (Dkt. 166). The court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein and finds matters raised in the motions suitable for decision without oral argument.

### I. FACTUAL BACKGROUND

Plaintiff Sharonda Bell is a former employee of defendant Addus Healthcare, Inc. ("Addus"). Dkt 134. The parties dispute Ms. Bell's dates of employment. According to Ms. Bell, her employment began at Addus' Oregon office as a home care aid in 2001. Deposition of

ORDER
Page 1

Sharonda Bell ("Bell Dep."), Dkt 130, Ex. #2 at 10.  In 2002, Ms. Bell transferred to Addus' office in Vancouver, Washington to work as an office assistant and care giver.  *Id.*  According to Addus, Ms. Bell's employment as a home care aid began on July 18, 2002, in the Oregon office, and she was transferred to work as a home care aid and to occasionally work in the district office in Vancouver on June 21, 2003.  Dkt. 76 at 3.  However, it is undisputed that Addus terminated Ms. Bell in Washington after a background check revealed that Ms. Bell was disqualified from working for Addus under the rules of the Washington Department of Social and Health Services.  Bell Dep. at 20-21.

While in the Vancouver office, Ms. Bell worked to answer phones, answer questions of people who visited the office, and make appointments.  Dkt. 76 at 4; Dkt. 86 at 9, 14.  Ms. Bell was also available for dispatch to handle emergency care needs.  Dkt. 86 at 14.  Ms. Bell sometimes took rest breaks of no more than five minutes each when her schedule permitted.  Dkt. 76 at 5; Dkt. 86 at 9.  She was unable to take a meal period unless another employee was present in the office because she could not leave the front desk unattended.  Dkt. 76 at 5; Dkt. 86 at 10.  The parties contest the frequency with which Ms. Bell took her breaks and whether she was paid for her breaks and missed meal periods.  Dkt. 76 at 5; Dkt. 86 at 10.

Ms. Bell also worked in the field as a home care aid.  Her duties included cooking, running errands, and providing personal care.  Dkt. 76 at 6.  Ms. Bell was required to record when she arrived at and left each client's home and to complete a checklist to indicate the tasks she performed.  Dkt. 86 at 10.  Then, Ms. Bell's supervisor would sign the time sheets.  *Id.* at 11.  Ms. Bell contends that these time sheets were altered.  *Id.*  Further, Ms. Bell contends that her work hours varied; she would sometimes work fewer than eight hours and, at other times, would work up to twelve hours.  *Id.*  According to Ms. Bell, Addus would not allow her to leave clients alone and was unable to take meal and rest periods while working in the field.  Dkt. 86 at 12.

Ms. Bell alleges that Addus' violations of wage and hour laws affected many current and former employees of Addus.  Dkt. 1; Dkt. 98.  During pre-certification discovery, Addus provided Ms. Bell with a list of current and former employees in Washington and Oregon.  Dkt. 98 at 11.

Then, Ms. Bell sent questionnaires to all of the employees on the list. *Id*. On the questionnaires, Ms. Bell stated various Oregon and Washington wage and hour laws and asked each respondent whether he or she had received rest breaks, meal breaks, overtime pay, wages for all hours worked, and his or her final paycheck on time. *See* Dkt. 103, Ex. B at 1 ("Wash. questionnaire"); Dkt. 103, Ex. C at 1 ("Or. questionnaire"). Ms. Bell contends that numerous current and former employees completed the questionnaires and returned them to Ms. Bell's counsel. Dkt. 103, ¶¶ 3-4. Finally, Ms. Karen A. Moore, an attorney with Ms. Bell's counsel's firm, declares that she created two summaries regarding when former Addus employees received their final paychecks. Declaration of Karen A. Moore ("Moore Decl."), Dkt. 106 at ¶ 4.

Meanwhile, Addus contends that its counsel collected declarations from current employees regarding the issues presented in this case. Dkt. 142 - 156. In addition, Addus claims that each employee that gave a declaration was given and initialed a disclosure statement before counsel proceeded with the declaration. Dkt. 178 at 2.

## II. PROCEDURAL BACKGROUND

On April 14, 2006, Ms. Bell filed a complaint in this court alleging that Addus violated both Washington and Oregon laws by failing to provide rest breaks and meal periods, failing to pay overtime wages, failing to pay all wages when due upon termination, and breaching the duty of good faith and fair dealing. Dkt. 1. Ms. Bell sought damages and a permanent injunction on behalf of herself and a class that has not yet been certified. *Id.* at 13, 25.

On February 22, 2007, Addus filed a Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members. Dkt. 93. In her response to the motion, Ms. Bell moved for class certification. Dkt. 98. The court re-noted the Plaintiff's Cross Motion for Class Certification (Dkt. 98) so that briefing on the motion would proceed as per Local Rule CR 7. Dkt. 105.

Pursuant to the parties' joint request and in order to facilitate mediation, the court stayed its ruling on Ms. Bell's motion for class certification. Dkt. 112. The court twice re-noted the

1  motion upon the request of Addus' new counsel. Dkt. 113; Dkt. 126. On June 28, 2007, Addus
2  filed a Motion for Summary Judgment. Dkt. 127. The court re-noted the Defendant's Motion for
3  Summary Judgment and the Plaintiff's Cross Motion for Class Certification (Dkt. 98), pursuant to
4  the parties' request, so that the two motions could be considered together. Dkt. 162.

5       On August 14, 2007, the Court issued an Order granting in part and denying in part the
6  Defendant's Motion for Summary Judgment. Dkt. 179. As a result of that order, Ms. Bell seeks
7  damages on six remaining claims. *Id.*

8       Finally, both parties filed motions to strike. Addus included two motions to strike in its
9  response brief to the motion for class certification. Dkt. 134. Ms. Bell included two motions to
10 strike in her reply brief on the motion for class certification. Dkt. 166. On August 10, 2007,
11 Defendant filed a Surreply in Opposition to Plaintiff's Motion for Class Certification and argued
12 that the Court should strike declarations attached to Ms. Bell's reply brief on the motion for class
13 certification. Dkt. 176.

### III. DISCUSSION

**A. Defendant's Motion to Strike Inadmissable Evidence.**

17      In Addus' Opposition to Plaintiff's Motion for Class Certification, Addus included two
18 motions to strike evidence that Ms. Bell had provided to the court. Dkt 134. First, Addus moved
19 to strike Plaintiff's Questionnaire Responses and Related Statements in the Declaration of Meike
20 B. Chase on the Ground That They are Inadmissable Hearsay. *Id.* at 8. Second, Addus moved to
21 strike the Moore Declaration because it does not comply with Fed. R. Evid. 1006. *Id.* at 14.

     **1. Hearsay**

24      Hearsay is defined as a "statement, other than one made by the declarant while testifying
25 at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid.
26 801(c). Further, in some pre-trial proceedings, the Court must exclude hearsay evidence from
27 consideration. *See, e.g.,* Fed. R. Civ. P. 56(e)(summary judgment). However, Addus cites no

1  authority that supports the proposition that the Court must exclude hearsay evidence during
2  consideration of class certification under Fed. R. Civ. P. 23.  Dkt. 134.  Therefore, even if the
3  Court were to find that the questionnaires and the declaration of Ms. Chase were hearsay, the
4  Court is not required to exclude the evidence from consideration.
5       The Court should decline to grant defendant's motion to strike the questionnaires and the
6  declaration of Ms. Chase as inadmissible hearsay.

**2. Responses Are Not Offered Under Penalty of Perjury**

     In some situations, the Court may require unsworn declarations to contain the phrase "under penalty of perjury".  28 U.S.C. § 1746.  Addus argues that the Court should strike the questionnaires because they do not contain the phrase "under penalty of perjury".  Dkt 134 at 26.  However, exactly as above, Addus cites no authority for the proposition that evidence presented to the Court for purposes of a class certification motion is required to comply with a particular federal law.  The Court should decline to grant defendant's motion to strike  the questionnaires and the declaration of Ms. Chase because the questionnaires do not contain "under penalty of perjury".

**3. Questionnaires Misstate the Law and Present Misleading Evidence**

     **a. Statements of Law and Evidence Presented Regarding Washington Rest Breaks**

     Under Washington law, "[e]mployees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time."  WAC 296-126-092(4).  Further, the Washington Department of Labor and Industries ("DL&I") has explained what constitutes a "rest period" and an "intermittent rest period".  DL&I, Admin. Policy Number E.C.6. (Dkt. 138, Ex. 1).  An intermittent rest period is an interval "of short duration in which employees are allowed to relax and rest, or for brief personal inactivities from work or exertion."  *Id.* at 5.  More importantly,:

     [i]n certain circumstances, employers may have a business need to require employees to

remain on call during their paid rest periods. This is allowable provided the underlying purpose of the rest period is not compromised. This means that employees must be allowed to rest, eat a snack or drink a beverage, make personal telephone calls, attend to personal business, close their door to indicate they are taking a break, or make other personal choices as to how they spend their time during their rest break. In this circumstance, no additional compensation for the 10-minute break is required. If they are called to duty, then it transforms the on-call time to an intermittent rest period and they must receive the remainder of the 10-minute break during that four-hour work period.

*Id.*

Paragraph 2 of the Washington questionnaire submitted by plaintiff informs the respondent that "[f]or each work day, you **must** receive at least one (1) ten minute rest break for each four hours you worked[.]" Wash. questionnaire (emphasis in original). The questionnaire neither explains intermittent rest periods nor asks about intermittent rest periods. *Id.*

Addus argues that the questionnaire misstates Washington law. Dkt 134 at 27. Addus requires employees to remain at the home of the client for the entire period the employee is scheduled to work. *Id.* at 19-20. Due to the fact that Addus has a business need to require employees to remain on call during their rest periods, Addus argues that the questionnaire does not fully explain Washington law to the current and former Addus employees. *Id.* at 27. Further, the questionnaire does not ask each employee whether he or she was given an accumulation of 10 minutes of rest time during each 4 hours of work. *See* Wash. questionnaire. Thus, the questionnaire does not state all of the pertinent Washington law on the issue of rest periods and also does not obtain from each employee all of the relevant facts relating to rest periods.

The Court should grant to defendant the motion to strike the portion of the Wash. questionnaires relating to rest periods.

**b. Statements of Law and Evidence Presented Regarding Washington Meal Periods**

Under Washington law, employees are entitled to a meal period, WAC 296-126-092; however, an employer is not required to provide duty free meal periods. *White v. Salvation Army*, 118 Wn. App. 272, 274-275, 75 P.3d 990 (2003). Further, an employer may require an employee to remain at his or her post during the 30 minute meal period and respond to

ORDER
Page 6

emergencies as long as the employer compensates the employee for all hours worked. *Iverson v. Snohomish County*, 117 Wn. App. 618, 72 P.3d 772, 773 (2003). "To make the [employer] pay again for a 30-minute meal break simply because it did not schedule one is not supported by the regulation or the administrative policy." *White*, 118 Wn. App. at 274.

Paragraph 2 of the Washington questionnaire submitted by plaintiff informs the respondent that he or she "must receive a **full 30 minute duty-free** meal break if [the employee] work[s] more than 5 hours in a single shift." Wash. questionnaire (emphasis in original).

Addus argues that the questionnaire misstates Washington law. Dkt 134 at 29. Addus requires employees to remain at the home of the client for the entire period the employee is scheduled to work. *Id.* at 19-20. And, Addus may require each employee to remain on duty during the 30 minute meal period as long as Addus compensates the employee for all hour worked. *Iverson*, 72 P.3d at 773. However, the inclusion of "duty-free" on the questionnaire clearly misstates Washington meal period law. Wash. questionnaire; *Iverson*, 72 P.3d at 773. Further, even if the respondent did not receive a "duty-free" meal period, the questionnaire does not ask the respondent whether he or she was compensated for all the hours worked. *See* Wash. questionnaire.

The Court should grant to defendant the motion to strike the portion of the Washington questionnaires relating to meal periods.

### c. Statements of Law and Evidence Presented Regarding Oregon Meal Periods

Paragraph 3 of the Oregon questionnaire submitted by plaintiff informs the respondent that he or she "must receive a **full 30 minute uninterrupted** meal break...". Or. questionnaire (emphasis in original). Oregon law does not provide a private right of action for missed meal periods, but, under Oregon law, an employee may recover unpaid wages for missed meal periods. *See* Dkt. 179 at 10 (order on summary judgment). However, unlike the Washington questionnaire, the Oregon questionnaire asks the respondent whether a meal period was deducted from his or her pay. Or. questionnaire.

1  Addus argues that the Oregon questionnaire misstate Oregon meal period law. Dkt 134 at
2  29. However, if Ms. Bell is able to prove that Addus required her to work through her meal
3  periods in Oregon without compensating her for that time, then Addus would still owe Ms. Bell
4  unpaid wages. Dkt. 179 at 10. Thus, the questionnaire does not misstate Oregon law on the
5  subject of compensated but missed meal periods.
6  The Court should decline to grant the motion to strike the portion of the Or.
7  questionnaires relating to Oregon meal periods.
8
9  **4. Ms. Chase Lacks the Requisite Personal Knowledge**
10  Addus argues that, under Fed. R. Evid. 602 and Fed. R. Civ. P. 56(e), Ms. Chase's
11  declaration is inadmissable hearsay. Dkt. 134 at 28-29. However, Addus cites no authority for
12  the proposition that evidence presented to the Court for purposes of a class certification motion is
13  required to comply with those particular federal laws. *Id.* Thus, the Court should decline to grant
14  to defendant the motion to strike the declaration of Ms. Chase.
15
16  **B. Defendants Motion to Strike the Moore Declaration**
17  Addus argues that, under Fed. R. Evid. 1006, the Court should strike the Amended
18  Declaration of Karen Moore. Dkt. 134 at 30-32. However, Addus cites no authority for the
19  proposition that evidence presented to the Court for purposes of a class certification motion is
20  required to comply with that particular federal law. *Id.* Thus, the Court should decline to grant
21  to defendant the motion to strike the Moore Decl.
22
23  **C. Plaintiff's Motion to Strike the Declarations of Defendant's Employees**
24  Addus obtained declarations from some of its current employees regarding issues
25  presented in this case. Dkt. 142-156. Ms. Bell has moved to strike those declarations because
26  the declarations are undisclosed witness testimony and Addus obtained the declarations under
27  coercive circumstances. Dkt. 166 at 10.
28

**1. Undisclosed Witness Testimony**

A party must supplement disclosures made pursuant to Fed. R. Civ. P. 26(a) where "the information disclosed is incomplete or incorrect and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing". Fed. R. Civ. P. 26(e). Further, "without substantial justification", a party is not permitted to use evidence on a motion that was not properly disclosed. Fed. R. Civ. P. 37(c)(1). Ms. Bell argues that Addus has not supplemented its discovery disclosure as to 30 employees. Dkt. 166 at 10. However, even if Ms. Bell is correct, she does not sufficiently identify the 30 employees who were not disclosed so that the Court could strike the relevant declarations. *Id*.

In addition, Ms. Bell argues that Addus violated pre-certification discovery orders by obtaining declarations from 130 of its employees. *Id*. However, Ms. Bell does not cite an order of this Court that restricted Addus from gathering evidence on its own behalf. *Id*. Thus, the Court should deny the plaintiff's motion to strike the defendant's declarations based on undisclosed witness testimony.

**2. Coercion**

Ms. Bell argues that the declarations of Addus' employees are unreliable because the declarants feared they would lose their jobs if they did not cooperate with Addus' counsel, the declarants did not understand their rights, and the declarants did not understand that they might be signing away their claims. Dkt. 166 at 11. However, each declarant initialed a disclosure that specifically stated that the legal representative interviewing the declarant represented Addus and not the declarant; that the declarant might have the right to participate as class members in the lawsuit; that the interview was voluntary and the declarant could stop the interview at any time; that the declarant could review the declaration and make any changes before signing it; and, that Addus would not retaliate against any employee who chose not to make a declaration. *See* Dkt. 142-156, ¶¶ 1-5 of each employee declaration. Therefore, the Court should deny the motion to strike the declarations based on the declarations being obtained under coercion.

ORDER
Page 9

**D. Plaintiff's Motion to Strike Defendant's Use of Plaintiff's Criminal History**

Fed. R. Evid. 609(b) prohibits admission of a criminal conviction for impeachment purposes if the conviction is more than 10 years old and the proponent has not given "the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

Ms. Bell argues that the Court should strike Addus' use of her criminal history because Addus did not give Ms. Bell advance written notice that Addus would use her criminal history to attack her credibility. Dkt. 166 at 15. However, Ms. Bell cites no authority for the proposition that evidence presented to the Court for purposes of a class certification motion are required to comply with that particular federal law. *Id.* Further, even if the Court were to strike Ms. Bell's criminal history for purposes of class certification, Ms. Bell does not cite an authority for the proposition that Addus would not be able to attack Ms. Bell's credibility in subsequent court proceedings. *Id.* Therefore, the Court should deny to plaintiff the motion to strike defendant's use of plaintiff's criminal history.

**E. Plaintiff's Reply Brief Declarations**

"It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (addressing class certification under F.R.C.P. 23), *citing Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996), *cert. denied*, 522 U.S. 808, 118 S.Ct. 48, 139 L.Ed.2d 14 (1997).

Ms. Bell attached to her reply brief for class certification the Declarations of Anita Gallarado, Francis Garcia, Brandie James, Magaly Pruneda, and Jane Doe. *See* Dkt. 166. Addus argues that the Court should strike these declarations because Ms. Bell improperly submitted new facts in a reply brief. Dkt. 176 at 2. The Court should strike the declarations because a party should not submit new facts in a reply brief. *Schwartz*, 183 F.R.D. at 682.

///

///

## IV. ORDER

Therefore, it is hereby

**ORDERED** that:

1) the Defendant's Motion to Strike Plaintiff's Questionnaire Responses and Related Statements in the Declaration of Meike B. Chase (Dkt. 134) is **GRANTED** in part and **DENIED** in part as discussed above;

2) the Defendant's Motion to Strike the Moore Decl. (Dkt. 134) is **DENIED**;

3) the Plaintiff's Motion to Strike the Declarations of Defendant's Employees (Dkt. 166) is **DENIED**;

4) the Plaintiff's Motion to Strike the Defendant's Use of Plaintiff's Criminal History (Dkt. 166) is **DENIED;** and,

5) the Declarations of Anita Gallarado, Francis Garcia, Brandie James, Magaly Pruneda, and Jane Doe submitted with the Plaintiff's Reply In Support of Motion for Class Certification (Dkt. 176) are **STRICKEN**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of August, 2007.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER
Page 11