UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARONDA BELL, | CASE NO. C06-5188RJB |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO LIMIT CONTACT WITH PUTATIVE CLASS MEMBERS PURSUANT TO FRCP 23(d) |
| v. | |
| ADDUS HEALTHCARE, INC., | |
| Defendant. | |

This matter comes before the court on the Plaintiff's Motion to Limit Contact With Putative Class Members Pursuant to FRCP 23(d). Dkt. 181. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Sharonda Bell filed a complaint seeking damages in excess of five million dollars on behalf of a proposed class consisting of at least 100 members. Dkt. 1 at 1. The complaint alleges that Defendant Addus Healthcare, Inc. ("Addus") violated Washington and Oregon wage and hour laws. *Id.* 6-10.

On February 22, 2007, Addus filed a Motion for Order Under Fed. R. Civ. P. 23(d) in re Communication with Putative Class Members. Dkt. 93. On March 21, 2007, Plaintiff filed a response to that motion and included a cross motion for class certification. Dkt. 98 at 10. The

ORDER
Page 1

1   Court has re-noted the cross motion for class certification three times and it is currently noted for

2   September 28, 2007.  Dkt. 105; Dkt. 162; Dkt. 183.  On April 4, 2007, the Court issued an Order

3   Denying Without Prejudice Defendant's Motion for Order Under Fed. R. Civ. P. 23(d) in re

4   Communication with Putative Class Members.  Dkt. 109.

5         Ms. Bell now moves for an order limiting Addus' contact with putative class members.

6   Ms. Bell proposes that the Court limit Addus' contact as follows:

7       1.     Defendant must confer with Plaintiff's counsel at least 14 days before it
                communicates with putative class members regarding the matters in this case,
8                  and

9       2.     Defendant must provide Plaintiff's counsel with the opportunity to be present
                should such contact occur.
10

  Dkt. 181-2 at 2.

11         This request was precipitated by Addus' counsel interviewing its employees to obtain

12   declarations for the current suit.  Addus claims that before counsel proceeded with the interview it

13   gave each employee a disclosure statement that contained the following statements:

14       •     The individual(s) speaking with you is the legal representative of Addus and has
15                 been retained to defend the company in the lawsuit described above.

16       •     The individual(s) is seeking to investigate facts in order to evaluate and defend
                against the lawsuit.
17

18       •     You are under no obligation to speak with Addus' legal representative.

19       •     Addus will take no adverse or retaliatory act against any employee who chooses
                not to speak with its legal representative.
20       •     Addus will not reward any employee for choosing to speak to its legal
                representative.
21

22       •     Addus has not promised you anything in exchange for your decision to speak with
                its legal representative.

23       •     Any information you provide may be used in the lawsuit against Addus.

24       •     Neither Addus, nor its legal representative, will attempt to influence your decision
                regarding whether you should "opt out" of the potential class action.
25

  Dkt. 142 at 4.
26

27

28

1    On July 11, 2007, Addus submitted the declarations of its employees in support of its

2  opposition to class certification.  Dkt. 142-156.  In Ms. Bell's reply brief for class certification,

3  Ms. Bell moved to strike the declarations on the basis that the declarations were obtained as a

4  result of coercion.  Dkt. 166 at 3-6.  On August 27, 2007, the Court issued an order denying Ms.

5  Bell's motion to strike the declarations.  Dkt. 182.

6

7                                    **II. DISCUSSION**

8    Under Federal Rule 23, courts have discretion to fashion orders governing class actions:

9    In the conduct of actions to which this rule applies, the court may make appropriate
      orders: (1) determining the course of proceedings or prescribing measures to prevent
10    undue repetition or complication in the presentation of evidence or argument; (2)
      requiring, for the protection of the members of the class or otherwise for the fair conduct
11    of the action, that notice be given in such manner as the court may direct to some or all of
      the members of any step in the action, or of the proposed extent of the judgment, or of the
12    opportunity of members to signify whether they consider the representation fair and
      adequate, to intervene and present claims or defenses, or otherwise to come into the
13    action; (3) **imposing conditions on the representative parties or on intervenors**; (4)
      requiring that the pleadings be amended to eliminate therefrom allegations as to
14    representation of absent persons, and that the action proceed accordingly; (5) **dealing
      with similar procedural matters**. The orders may be combined with an order under Rule
15    16, and may be altered or amended as may be desirable from time to time.

16  Fed. R. Civ. P. 23(d)(emphasis added).  Class actions present a potential for abuse, and courts

17  therefore have both the duty and the authority to exercise control over the action and enter orders

18  governing the conduct of parties and counsel.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

19  The Supreme Court has held that in the pre-certification phase, "an order limiting communications

20  between parties and potential class members should be based on a clear record and specific

21  findings that reflect a weighing of the need for a limitation and the potential interference with the

22  rights of the parties."  *Id.* at 101.  The burden is on the moving party to demonstrate "the

23  particular abuses by which it is threatened."  *See id.* at 102.  The order should also be "carefully

24  drawn" and " limit[] speech as little as possible."  *Id.*

25    Ms. Bell argues that the Court should limit Addus' contact with putative class members

26  because Addus' previous contacts were abusive and coercive.  Dkt 181 at 3.  In support of her

27  arguments, Ms. Bell has incorporated two declarations by reference: Declaration of Wendy

28

ORDER
Page 3

1    Wersch ("Wersch Decl.") (Dkt. 167) and Declaration of Jane Doe ("Doe Decl.") (Dkt. 175).  The

2    Court issued an order striking the Doe Declaration for purposes of class certification.  Dkt. 182 at

3    10.  In Addus' response to this motion, it responded to the Wersch Decl. but not the Doe Decl.

4    because the Court had "stricken the Jane Doe Declaration."  Dkt. 184 at 2, n.1.   However, the

5    Court ordered that the Doe Decl. was stricken on the basis that the submission of new evidence in

6    a reply brief is improper.  Dkt. 182 at 10.  Ms. Bell is now referencing the Doe Decl. in support of

7    this motion to limit Addus' contact with putative class members.  Although the Doe Decl. was

8    stricken as part of Ms. Bell's reply for class certification, Ms. Bell should not be precluded from

9    using that declaration in support of this motion.  The Court should consider both declarations for

10   the purposes of this motion.

11          The main issue in this motion is whether the Court should issue an order requiring

12   Plaintiff's counsel to be notified and be present in the event that Defendant has further contact

13   with putative class members.  *See* Dkt. 181-2 at 2 (proposed protective order).  However, the

14   Court is not persuaded that Addus used abusive or coercive practices during the interviews in

15   question.  For instance, even though Ms. Wersch claims she was ambushed and proceeded with

16   the interview without an adequate explanation of her rights (Wersch Decl. at 2), Ms. Wersch

17   initialed the disclosure statement informing her of the purpose of the interview and declaration.

18   Dkt. 156 at 10.  The information on the disclosure statement is not false or misleading.  Further,

19   Addus has a right to fully investigate the case.  *See Gulf Oil,* 452 U.S. 89.  Thus, without

20   sufficient evidence that Addus is abusing its right to contact putative class members, Ms. Bell has

21   failed to meet her burden to show particular abuses that necessitate a protective order.

22          Further, Ms. Bell argues that the narrow limitations she requests do not prohibit Addus

23   from contacting putative class members.  Dkt 185 at 4.  However, it is the putative class

24   members' right to have counsel present.  Ms. Bell's counsel do not have a right to be present

25   during such interviews.  The Court should not issue an order requiring Addus to inform Ms.

26   Bell's counsel of upcoming interviews.

27          In summary, the Court is aware that communication with potential class members by

28

ORDER
Page 4

1  counsel may present a risk of abuse and prejudice.  However, Ms. Bell fails to demonstrate that

2  Addus' communications thus far warrant corrective action.  The Court should therefore deny the

3  motion without prejudice, allowing the parties to again raise the issue if future communications

4  appear to warrant Court intervention.

5

6                                        **III. ORDER**

7          Therefore, it is hereby

8          **ORDERED** that Plaintiff's Motion to Limit Contact With Putative Class Members

9  Pursuant to FRCP 23(d) (Dkt. 181) is **DENIED without prejudice.**

10         The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

11  of record and to any party appearing *pro se* at said party's last known address.

12         DATED this 19th day of September, 2007.

13

14                                        _Robert J Bryan_

15                                        ROBERT J. BRYAN
                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28